IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
RECEIVED CLERK'S OFFICE

2017 AUG -1 A 8: 02

DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

| | | |
|---|---|---|
| Lavadre Butler, #337779, <br> a/k/a Lavadre D. Butler, <br> a/k/a Lavadre Dashun Butler, <br><br> Plaintiff, <br><br> v. <br><br> Trevor Bessinger, <br> Lisa Young, <br> Gregory Washington, <br> Mr. Escalyne, <br> Mr. Suarez, <br> Mr. Braddy, <br> Mr. Shorter, <br> Mr. Williams, <br> Mr. Wilson, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No 4:16-cv-3662-RMG <br><br><br><br> **ORDER AND OPINION** |

This matter is before the Court on the Report and Recommendation ("R. &R.") of the Magistrate Judge (Dkt. No. 50) recommending that the Court dismiss the action without prejudice as to Defendants Escalyne and Wilson pursuant to either Rule 41(b) or Rule 4(m) of the Federal Rules of Civil Procedure. For the reasons below, this Court declines to adopt the R. & R. (Dkt. No. 50) and denies without prejudice Plaintiff's motion to amend the complaint (Dkt. No. 52).

**I. Background and Relevant Facts**

Plaintiff, a state prisoner proceeding *pro se*, filed this action on November 15, 2016, alleging claims of excessive force and deliberate indifference to a serious medical need under 42 U.S.C. § 1983. (Dkt. No. 1.) On March 22, 2017, the Magistrate authorized service of process. (Dkt. No. 24). On April 3, 2017, the summonses for all Defendants were re-issued after the Court

granted Plaintiff's motion for assistance from the U.S. Marshals Service for assistance with service of process. (Dkt. Nos. 28, 30). All the summonses were returned executed except for the summonses for Defendants Escalyne and Wilson. The notation on the unexecuted summonses indicated that there was no employee by the name of Escalyne and there were several employees with the last name "Wilson." (Dkt. Nos. 33, 34.) On June 1, 2017, the Magistrate ordered Plaintiff to provide new summonses and Forms USM-285 for Escalyne and Wilson with more specific information. Plaintiff did not respond to that order or complete service documents. For this reason, the Magistrate has recommended that this Court dismiss the action as to Defendants Escalyne and Wilson for either (1) Plaintiff's failure to prosecute and/or failure to comply with orders of the court under Rule 41(b), or (2) Plaintiff's failure to serve Defendants Wilson and Escalyne within ninety (90) days after the complaint was filed under Rule 4(m). (Dkt. No. 50 at 3.)

## II. Legal Standard - Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the R. & R. to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

Plaintiff has filed objections to the R. & R. (Dkt. No. 50) and a motion for extension of time to amend his complaint (Dkt. No. 52), indicating in both that he is diligently pursuing

information that will allow him to properly serve defendants Escalyne and Wilson. Plaintiff appears to be making his best efforts to serve these two defendants. This Court finds it would be inappropriate to *sua sponte* dismiss the action against these two defendants under the present circumstances. *See Allen v. Carey*, 626 F. App'x 852 (11th Cir. 2015) (District court abused its discretion in dismissing civil rights case filed by state inmate, proceeding *pro se* and *in forma pauperis*,[1] against correctional officers for failure to effect service, where inmate largely identified defendants and provided information relevant to distinguishing which of officers at facility with same last name was subject of his complaint, and district court failed to determine whether defendants could be located with reasonable effort.)

## IV.  Conclusion

For the reasons discussed above, the Court declines to adopt the R. & R. (Dkt. No. 50.) Plaintiff will have until September 29, 2017 to serve Defendants Escalyne and Wilson. Plaintiff's motion for extension of time to amend the complaint (Dkt. No. 52) is denied without prejudice. Plaintiff may seek to amend his complaint if and when he has grounds to do so.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July 3 6, 2017
Charleston, South Carolina

---

[1] Plaintiff Butler is proceeding *pro se* but is not proceeding *in forma pauperis*.

-3-