UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LAVADRE BUTLER, | C/A No. 4:16-3662-RMG-TER |
| Plaintiff, | |
| vs. | **ORDER** |
| TREVOR BESSINGER, LISA YOUNG, GREGORY WASHINGTON, MR. ESCALYNE, MR. SUAREZ, MR. BRADDY, MR. SHORTER, MR. WILLIAMS, MR. WILSON, | |
| Defendants. | |

This matter is before the court upon Defendants' Motion for Protective Order, Plaintiff's Motion to Compel, Plaintiff's Motion to Amend the Complaint, Defendants' third Motion to Amend the Scheduling Order, and Defendants' motion for extension of the dispositive motion deadline.

Motion for Protective Order

In the Motion for Protective Order pursuant to Federal Rules of Civil Procedure 26(c)[1], Defendants object to Plaintiff's Request for Production Request #4 which asks

---

[1] Rule 26 of the Federal Rules of Civil Procedure gives the general framework for determining the scope of allowable discovery for cases in federal courts, providing "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Accordingly, all relevant material is discoverable unless an applicable discovery privilege is asserted, but Rule 26(c) grants federal judges the discretion to issue protective orders imposing restrictions on the extent and manner of discovery where necessary "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Defendants to provide the "complete prison employee record of each Defendant" as those files contain personally identifiable information, salary information, addresses, family information and other information that is not relevant to Plaintiff's allegations and poses a risk to the safety of the Defendants and their families. Defendants assert that none of the alleged issues raised in Plaintiff's complaint that the Defendants used excessive force or denied him proper medical care relate to the information contained in their personnel files. Plaintiff filed a sur-reply arguing the contents will "make known whether or not the Defendants have participated in or facilitated attacks similar to the 11-14-14 attack detailed in Plaintiff's complaint. . ." (Doc. # 77).

Defendants' motion for protective order with regard to Plaintiff's Request #4 is **granted in part and denied in part**. (Doc. #65). Defendants are to produce, within fifteen days of the date of this order, the contents of their employee record that defendant "participated in or facilitated attacks" or excessive force upon an inmate or deliberately denied medical care to an inmate. Otherwise, the motion for protective order is granted.

Additionally, Defendants seek a protective order as to Plaintiff's Request to Produce Request #7 to provide Plaintiff with the South Carolina Department of Corrections (SCDC) Use of Force Policy. Defendants argue that the Use of Force Policy OP-22.01 is classified as a restricted policy and providing the information contained in the Policy to any current inmate would place the safety and welfare of every employee working within the SCDC

institutions in jeopardy. Defendants attached the affidavit of Colie Rushton who attests that he is employed with the SCDC as Director, Division of Security asserting that "[i]t is imperative that no inmate ever be allowed access to this policy. Should the information contained in this policy/procedure ever be provided to inmate(s), the safety and welfare of every employee working within the SCDC institutions would potentially be placed in jeopardy." (Doc. #65-2 at 2). Rushton asserts that the information within the Use of Force policy is classified because it identifies the "minutest specifics as to the various levels of control resulting from various levels of resistance from inmates." Id. Rushton attests that providing the restricted policy to inmates or other non-authorized individuals "would be much like providing those unworthy of trust with the combination to the bank vault." Id. Plaintiff filed a sur reply on October 16, 2017. (Doc. #77).

Initially, "[t]he failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." Johnson v. S.C. Dep't of Corrections, No. 06–2062, 2007 WL 904826, at *12 (D.S.C. Mar.21, 2007) (*citing* United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1978)); see also Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir.1990) (if state law grants more procedural rights that the Constitution requires, a state's failure to abide by that law is not a federal due process issue); Keeler v. Pea, 782 F.Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983). Furthermore, the public interest weighs in favor of policies which encourage security in prisons, and based on the record and arguments presented, Plaintiff fails to show

this has anything more than minor relevance, if any, to his claims of the use of excessive force by removing him from his cell, cutting his hands with a hooked knife causing blood loss and scars, punching him in the face causing bruising and swelling, spraying him with mace all over his body, slamming his head into the cement floor multiple times while handcuffed, thrusting him down a flight of stairs while in restraints, and denying him proper medical care. (See, e.g., Nicholas v. Ozmint, 2006 WL 2711852, at *5 (D.S.C. Sept. 20, 2006)). Based on the evidence presented by Defendants, good cause has been shown to **grant** the motion for protective order with regard to Plaintiff's Request #7 as to the restricted policy. See Rule 26(b)(1), Fed. R. Civ. P. (Doc. #65).

Motion to Compel

Plaintiff filed a Motion to Compel seeking an order compelling Defendants to provide the full employee record of each Defendant involved in the allegations of the complaint and to produce for inspection and copying of all documents requested including, but not limited to, the use of force video recorded by the Defendants during the cell extraction, all policies and procedures regarding use of force, emergency health treatment, RHU operation, and also the full employee record of each SCDC staff member involved in the aforementioned "cell extraction." (Doc. # 66).[2]

---

[2] Plaintiff failed to attach a copy of the relevant portions of the discovery material with the motion in violation of Local Civil Rule 7, D.S.C. However, Defendants attached a copy of Plaintiff's discovery requests and responses along with their response to the Motion to Compel.

Defendants filed a response to the motion asserting that they filed a motion for a protective order with regard to Requests #4 and #7, that they are still in the process of gathering documents responsive to requests #5 and #10 because of a delay in receiving any documents due to the individual in possession of records being on vacation but would provide the documents to Plaintiff once they were gathered. In response to Plaintiff's Request #2, Defendants assert that Plaintiff cannot view multimedia files while an inmate at Lieber Correctional Institution but would schedule a date at Lieber for Plaintiff to review the video of the coerced cell movement and to listen to the audio recording from the disciplinary hearings.

A Protective Order has been granted in part with regard to Plaintiff's Request #4 and granted with regard to Request #7 as set forth above. Therefore, this portion of the motion to compel is **moot**. As to the remaining portion of the Motion to Compel, Defendants' responses are adequate and the motion to compel (Doc. #66) is **denied**. However, if Defendants have not provided Plaintiff with the documents as indicated, Plaintiff can re-file the Motion to Compel with regard to Requests #2, #5 and #10 within twenty days of the date of this order.

<u>Motion to Amend the Complaint</u>

Plaintiff filed a Motion to Amend his Complaint stating that in his original complaint he "used the misnomers Mr. Escalyne and Mr. Williams to include several of the Defendants who were involved in the attack detailed in Plaintiff's complaint." Plaintiff asserts that he has recently been able to gain the full names of each person and request that "Travis Esterline

and John Williams who were both sergeants at the Broad River Correctional institution when this attack detailed in Plaintiff's complaint occurred, be added as Defendants for their roles and behavior during the attack." (Doc. #72). Plaintiff did not attach a copy of a proposed amended complaint to his motion.

Defendants filed a response to the Motion to Amend asserting no opposition to Plaintiff's request to amend his complaint to name Travis Esterline. However, Defendants assert that it appears Plaintiff is mistaken in attempting to name Defendant John Williams in his amended complaint because Defendant John Williams was served on May 16, 2017, and has filed an answer to Plaintiff's complaint.

Plaintiff's Motion to Amend the Complaint to add Defendant Travis Esterline is granted without opposition. Plaintiff shall have twenty days from the date of this order to file one complete amended complaint for the sole purpose of adding Travis Esterline as a party Defendant and allegations as to this Defendant. Counsel for Defendants is directed to inform the court and Plaintiff within five days of the date of this order if they will accept service on behalf of Defendant Esterline.[3] As Defendant John Williams has been served and filed an answer (docs. #35 and #42), Plaintiff's Motion to Amend the Complaint to name John Williams as a Defendant is denied as moot. Therefore, Plaintiff's Motion to Amend (doc. #72) is **granted in part and denied in part as set forth above**.

---

[3] If Counsel for Defendants declines to accept service on behalf of Defendant Esterline, Plaintiff has requested in his Motion to Amend that the Defendant be served a copy of the summons and complaint via U.S. Marshal. (Doc. #72).

Motion to Amend the Scheduling Order

On December 7, 2017, Defendants filed a third motion to amend the scheduling order. No opposition was filed to this motion. (Doc. #89). On January 5, 2018, Defendants filed a motion to extend the dispositive motions deadline. (Doc. #90).

Since Plaintiff's Motion to Amend the Complaint to name Travis Esterline as a party defendant is granted, a new scheduling order will be entered by the court once the answer to the amended complaint is filed with the court setting deadlines for completion of discovery and dispositive motions. Therefore, Defendants' Motion to Amend the Scheduling Order (doc. #89) and to extend the dispositive motions deadline (doc. #90) are **Moot**.

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III United
States Magistrate Judge

January 11, 2018
Florence, South Carolina