IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lavadre Butler, | ) | Case No.: 4:16-cv-3662 |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Trevor Bessinger, Lisa Young, Gregory Washington, Mr. Escalyne, Mr. Suarez, Mr. Braddy, Mr. Shorter, Mr. Williams, Mr. Wilson, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 112) recommending that the Court deny Plaintiff's motion for a preliminary injunction. For the reasons set forth below, the Court adopts the R. & R. as the order of the Court.

I. **Background and Relevant Facts**

Plaintiff Lavadre Butler is currently confined at the Lieber Correctional Institution, and he is proceeding *pro se*. In his amended complaint, Plaintiff alleges that Defendants violated his constitutional rights when they used excessive force and were deliberately indifferent to his medical needs when he was confined at Broad River Correctional Institution. (Dkt. No. 99.)

Plaintiff filed a motion for a preliminary injunction on February 2, 2018, seeking this Court's Order requiring Defendants and their counterparts throughout the South Carolina Department of Corrections to "immediately cease all deprivation of the Plaintiff's rights and basic human needs." (Dkt. No. 101). The Magistrate Judge issued an R. & R. recommending that

this Court deny Plaintiff's motion for a preliminary injunction because he failed to satisfy the four *Winter* factors courts consider to determine whether a preliminary injunction is appropriate. (Dkt. No. 112 at 2-4; *see Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)).

## II. Legal Standards

This Court liberally construes pleadings filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV. Conclusion

For the reasons set forth above, the Court adopts the R. & R. (Dkt. No. 112) as the order of the Court. Plaintiff's motion for a preliminary injunction (Dkt. No. 101) is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

April 2, 2018
Charleston, South Carolina