IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Lavadre Butler, #337779, | ) | Civil Action No. 4:16-3662-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Trevor Bessinger, Lisa Young, | ) | |
| Gregory Washington, Mr. Esterline, | ) | |
| Mr. Suarez, Mr. Braddy, Mr. Shorter, | ) | |
| Mr. Williams, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 162) recommending that the Court grant Defendants' motion for summary judgment. For the reasons set forth below, the Court declines to adopt the R & R as the Order of the Court and denies Defendants' motion for summary judgment.

I. **Background**

Plaintiff is a *pro se* incarcerated person alleging pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights by using excessive force and being indifferent to his medical needs while he was confined at the Broad River Correctional Institution. (Dkt. No. 99.) The Court previously dismissed without prejudice Plaintiff's claims against J.C. Wilson pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Dkt. No. 152.) The remaining Defendants now move for summary judgment. (Dkt. No. 144.) The Court issued a *Roseboro* Order advising Plaintiff of summary judgment procedure and the possible consequences of failing to respond to Defendants' motion. (Dkt. No. 146.) Plaintiff was granted two extensions to respond to Defendants' motion and has not filed a response. Plaintiff filed objections to the R & R.

## II. Legal Standard

### A. Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

### B. Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of

evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

**III.     Discussion**

After review of the record, including Plaintiff's objections to the R & R, the Court finds that a reasonable fact finder could conclude that Plaintiff exhausted his administrative remedies and, therefore, that Defendants' motion for summary judgment should be denied.

Defendants move for summary judgment on the basis that Plaintiff failed to satisfy the exhaustion requirement of the Prison Litigation Reform Act ("PLRA") before bringing suit. The PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 677 (4th Cir. 2005). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). A prison grievance procedure is "available" if it is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016).

The PLRA, therefore, has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross*, 136 S.Ct. at 1855. The prisoner bears the burden of demonstrating that an administrative remedy is unavailable. *See Graham v. Gentry*, 413 Fed. Appx. 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted). Specifically, an administrative remedy is not "available"—meaning, the remedy, "although

officially on the books, is not capable of use to obtain relief"—in at least three circumstances. *Ross*, 136 S.Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Meaning, the "administrative officials have apparent authority, but decline ever to exercise it." *Id.* Second, a remedy is unavailable where the "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Last, an administrative remedy is not available "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. In this situation, "officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to trip up all but the most skillful prisoners" or threaten the inmate. *Id.* (internal quotation marks and citation omitted). Absent such evidence that the administrative remedy was unavailable, failure to exhaust the administrative remedies will bar actions filed under federal law. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

Here, Defendants submit the affidavit of Sherman Anderson, the Chief of Inmate Grievance Branch in the Office of General Counsel for the South Carolina Department of Corrections ("SCDC"). (Dkt. No. 144-2.) The SCDC employs a three-step inmate grievance process that culminates in the inmate appealing a Step 2 Grievance Form response to the South Carolina Administrative Law Court. Mr. Anderson reviewed the inmates' grievance records for any grievances filed related to the November 14, 2014 incident that Plaintiff alleges resulted in his injury and determined that: (i) Plaintiff filed a Step 1 Grievance Form on or about November 19, 2014 alleging he was attacked by an unnamed prison officer; (ii) the grievance was responded to and Plaintiff was advised that it was being forwarded to the Division of

Investigations; (iii) on January 14, 2015, the Step 1 Grievance Form was returned to Plaintiff unprocessed because it was determined to be a duplicate to issues raised in his previously filed grievance; and (iv) Plaintiff did not file a Step 2 Grievance Form regarding the returned form, nor did he "file any other type of Request and/or follow-up communication regarding BRCI 909-14." (Dkt. No. 144-2 at 3.) From this, Mr. Anderson concluded that Plaintiff did not exhaust his administrative remedies regarding his claim arising from from the November 14, 2014 incident and complained of in BRCI 909-14.

Plaintiff objects to the R & R's reliance on Mr. Anderson's affidavit and contends that he did exhaust administrative remedies by "submitting a staff request (19-11 form) to the Inmate Grievance Branch Chief (IGBC) regarding the unprocessed grievance." (Dkt. No. 169 at 2.) The SCDC Grievance Procedure provides that "[u]nprocessed grievances may only be appealed by utilizing SCDC Form 19-11, 'Inmate Request to Staff Member,' (RTSM) to the Branch Chief within ten (10) days of the grievances being returned to the inmate. The inmate must provide a copy of the unprocessed grievance with the RTSM." GA-.91.12, § 13.3. Appeal of an unprocessed Step 1 Grievance Form may constitute exhaustion of administrative remedies. *See, e.g., Singleton v. McKie*, No. 2:11-cv-676-TLV-BHH, 2012 WL 1038762, at *5 (D.S.C. Mar. 9, 2012) (finding plaintiff did not exhaust administrative remedies where "Plaintiff was free to . . . file a Step 2 Grievance, or otherwise appeal the determination of his Step 1 Grievances *[but] Plaintiff did not do so*") (emphasis supplied); *Livingston v. Padula*, No. 8:08-3064-HFF, 2009 WL 1872107, at *4 (D.S.C. June 29, 2009) (finding plaintiff did not exhaust administrative remedies where he "was free to . . . appeal the determination not to process the initial grievance *[but] . . . did nothing*") (emphasis supplied). Here, Plaintiff provides as an exhibit to his

objections his 19-11 Form, received by Inmate Grievances on January 16, 2015.[1] The Inmate Grievance Administrator denied the appeal on January 26, 2015, noting that duplicate grievances were still pending. (Dkt. No. 169-1 at 18.)

It is unclear from the record whether Plaintiff provided a copy of the unprocessed grievance with the 19-11 Form, as required. *See Woodford* at 90-91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . ."). Nonetheless, a reasonable fact finder could conclude from the record viewed in a light most favorable to Plaintiff that he did exhaust his administrative remedies when he submitted his 19-11 Form on January 15, 2015—one day after the unprocessed grievance was returned to him. *See, e.g., Williams v. Reynolds*, No. 4:12-cv-138-RMG, 2013 WL 4522574, at *4 (D.S.C. Aug. 27, 2013) (finding that plaintiff failed to exhaust his administrative remedies where "there is no evidence that Plaintiff . . . appealed the decision not to process the Step 1 grievance"); *Bryan v. S.C. Dep't of Corrs.*, No. 4:08-cv-1590-TLW-TER, 2009 WL 702864, at *3 (D.S.C. Mar. 16, 2009) ("The fact that a grievance was unprocessed, without more, is insufficient to show that [defendants] prevented [plaintiff] from exhausting his administrative remedies."); *Peoples v. SCDC*, 2008 WL 1902718, at *1 (D.S.C. Apr. 28, 2008) (denying defendants' motion to dismiss for failure to exhaust administrative remedies where "the record does not reveal that Plaintiff could not, for example . . . appeal the return of his unprocessed grievance"); *see also Foster v. Riley*, No. 9:15-3787-TMC, 2016 WL 1614173, at *2 (D.S.C. Apr. 22, 2016) (collecting cases).

For these reasons, there remain material issues in dispute as to whether Plaintiff exhausted the SCDC administrative remedies prior to bringing this lawsuit and, therefore, Defendants' motion for summary judgment on the basis of failure to exhaust should be denied.

---

[1]   The 19-11 Form was hand-dated by Plaintiff as "1-15-14," which the Court construes as a scrivener's error regarding the year.

## IV. Conclusion

For the foregoing reasons, the Court **DECLINES TO ADOPT** the Magistrate Judge's R & R (Dkt. No. 162) as the Order of the Court and **DENIES** Defendants' motion for summary judgment (Dkt. No. 144). It is **ORDERED** that this case is remanded to the Magistrate Judge for further proceedings.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 14, 2019
Charleston, South Carolina