# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Lavadre Butler, #337779, | Civil Action No. 4:16-3662-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Trevor Bessinger, Lisa Young, Gregory Washington, Mr. Esterline, Mr. Suarez, Mr. Braddy, Mr. Shorter, Mr. Williams, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 178) recommending that the Court grant Defendants' motion for summary judgment (Dkt. No. 144) to dismiss claims as to Defendant Washington and Plaintiff's medical indifference claim, and deny the motion as to Plaintiff's excessive force claim. For the reasons set forth below, the Court adopts in part and declines to adopt in part the R & R as the Order of the Court.

I. **Background**

Plaintiff Lavandre Butler is a *pro se* incarcerated person alleging pursuant to 42 U.S.C. § 1983 that Defendants violated his constitutional rights by using excessive force and being indifferent to his medical needs while he was confined at the Broad River Correctional Institution. (Dkt. No. 99.) The Court previously dismissed without prejudice Butler's claims against J.C. Wilson pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Dkt. No. 152.) The Court previously denied Defendants' motion for summary judgment, brought on the grounds that Butler failed to exhaust the available administrative remedies pursuant to the Prison Litigation Reform Act. (Dkt. No. 172.) Defendants' motion for summary judgment is now

addressed on its merits. The Magistrate Judge issued an order allowing the parties ten days to file additional responses to the motion for summary judgment, and no responses were filed. Defendants filed objections to the R & R. (Dkt. No. 182.)

## II.  Legal Standard

### A.  Review of R & R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where there are no objections to the R & R, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

### B.  Motion for Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d

1005, 1008 (4th Cir. 1996). The *pro se* litigant's complaint is afforded a liberal construction. *Cruz v. Beto*, 405 U.S. 319 (1972).

The party seeking summary judgment has the initial burden of demonstrating to the Court that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

### A. Defendant Washington

The Magistrate Judge recommends that all claims against Defendant Washington be dismissed because there is no evidence in the record that he was personally involved in Butler's allegations and he cannot be held liable under a *respondeat superior* theory under 42 U.S.C. § 1983 for his subordinate employees' conduct absent an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro Area Trans. Auth.*, 690 F.2d 1133, 1142-43 (4th Cir. 1982). Defendants' motion for summary judgment is granted with respect to all claims against Defendant Washington.[1]

---

[1] Defendants also contend that they are all entitled to qualified immunity. To resolve a qualified immunity defense, the Court must determine whether the facts alleged, taken in the light most favorable to Butler, show that Defendants' conduct violated a constitutional right that was clearly established at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 231-32 (2009). As the Magistrate Judge notes, Defendants are not entitled to qualified

## B. Excessive Force Claim

Butler alleges that on November 14, 2014, Defendants used unconstitutionally excessive force when they extracted him from his prison cell and lead him down the stairs at the Broad River Correctional Institution. Plaintiff alleges that the officers injured him by cutting his hand and spraying his eyes and face with chemical munition while extracting him, and then slamming him to the floor at the bottom of a flight of stairs.

When faced with an excessive force claim, the Court must determine "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillan*, 503 U.S. 1, 6-7 (1992). To make this determination, the Court balances the following factors: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any efforts made to temper the severity of a forceful response. *Iko v. Shreve*, 535 F.2d 225, 239 (4th Cir. 2008).

The record here consists of Defendants' affidavits, Butler's deposition testimony and a prison video of the encounter. Regarding Butler's allegation of excessive force resulting in injury to his hand and eyes or face, viewing the record in a light most favorable to Butler, a reasonable fact finder would not find that Defendants used excessive force while removing him from his cell. The record reflects that Butler barricaded himself in his cell in violation of prison policy and threatened to kill himself or anyone who tried to enter. The video depicts officers spending over twelve minutes ordering Butler to exit his cell, forcing open the cell door that Butler locked shut with sheets and barricaded with a mattress, and intermittently spraying short bursts of chemical munitions into the cell. A reasonable fact finder would not find that Butler's

---

immunity because there is no question that Plaintiff was protected by the Eighth Amendment in November 2014.

hand was cut or chemicals were sprayed in his eyes in act of excessive force while removing him from his cell.

But, regarding Butler's allegation of excessive force when he fell down a flight of stairs after being removed from his cell, there remain material facts in dispute as to whether the officers acted in good faith or maliciously. The video depicts the officers leading Butler, with his feet shackled and hands shackled to a belly chain, to the top of the stairs, where they pause. Butler attempts to jab the officer standing behind him to the left with his left elbow. Another officer standing behind Defendant to the right then reaches forward. Defendant falls down the flight of stairs. Defendants contend the officer's forward reach was to restrain Defendant after the elbow jab, but, as the Magistrate Judge notes, the record is unclear. Defendants object to the R & R on this point, arguing that the Court must consider the reasonableness of the force from the officer's perspective. (Dkt. No. 182 at 3.) From that perspective, Defendants contend, the Court should find that any alleged thrust was an attempt to maintain control of Butler as he caused difficulty moving down the stairs, rather than a malicious act. (*Id.*) But even assuming the video clearly depicted that Butler resisted moving down the stairs or needed to be controlled, a reasonable fact finder would not conclude from the video that the officer pushed Butler down the stairs in good faith or that Butler fell on his own. Meaning, from this record, the reasonable fact finder could find either that Butler was creating difficulty moving down the stairs and therefore fell or was inadvertently pushed as a result of his own conduct, or that the officer maliciously pushed Butler down the stairs, perhaps in response to Butler creating difficulty barricading himself into his cell and attempting to jab an officer.

Therefore, this narrow aspect of Butler's excessive force claim—that Defendants thrust him down the stairs while handcuffed, resulting in injury—survives summary judgment.

## C. Medical Indifference Claim

Butler claims Defendants were indifferent to his medical needs. To bring a claim for medical indifference against officers who are non-medical prison personnel, a plaintiff must demonstrate that the defendants were personally involved with the denial of his treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to doctors' misconduct. *Miltier v. Beorn*, 896 F.2d 848 (4th Cir. 1990). But the video depicts Butler receiving medical care, with which Defendants did not interfere, when a nurse checked his vital signs, placed him on oxygen and washed any chemical munition from his eyes and face, as well as when Butler was subsequently treated by medical before released to his cell. Therefore, Defendants' motion for summary judgment on the medical indifference claim is granted.

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the R & R (Dkt. No. 178) as the Order of the Court. The Court **GRANTS** Defendants' motion for summary judgment (Dkt. No. 144) to dismiss (i) all claims against Defendant Washington, (ii) Plaintiff's medical indifference claim and (iii) Plaintiff's excessive force claim specifically for injuries to his hand and face or eyes. The Court **DENIES** Defendant's motion for summary judgment on Plaintiff's excessive force claim only as the claim is for injuries sustained from falling down the stairs.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 20, 2019
Charleston, South Carolina